IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DeSHANTA HINTON | : | 4:14-cv-0854 |
| AS EXECUTRIX FOR THE ESTATE | : | |
| OF GREGORY HINTON, | : | |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| RONNIE R. HOLT and | : | |
| JANE & JOHN DOE, | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

February 20, 2015

**I. BACKGROUND:**

Plaintiff, DeShanta Hinton, the executrix of Gregory Hinton's Estate, filed a wrongful death/survival action under Federal Tort Claims Act ("FTCA") and a *Bivens* claim in the United States District Court for the Eastern District of Pennsylvania against the United States of America, Warden Ronnie R. Holt and John and Jane Doe on December 20, 2013. (ECF No. 1). The action was transferred to this Court at the request of the United States of America on May 5, 2014. (ECF No. 8). The Plaintiff subsequently filed an amended complaint on August 21, 2014. (ECF No. 18). The amended complaint states three causes of action: first, a FTCA claim against the

1

United States; second, lack of proper medical care under the Eighth Amendment against all Defendants; and finally, a state law negligence claim against Defendants Holt and Doe. (ECF No. 18. 7-10).

On October 6, 2014, Defendants filed a Motion to Dismiss and in the alternative, for Summary Judgment. (ECF No. 20). This motion is based on the following arguments: first, Plaintiff failed to submit an administrative tort claim; second, Plaintiff failed to file a certificate of merit for medical negligence claims; and third Plaintiff failed to allege or establish any legitimate constitutional claims.

For the reasons which follow, the FTCA and the Eighth Amendment claims will be dismissed. Additionally, in the event that the Plaintiff fails to successfully amend her complaint with federal claims, the Court will decline to exercise its supplemental jurisdiction over the state law negligence claims.

**II. DISCUSSION:**

### A. Motion to Dismiss Standard- Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the

[factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, 2008 U.S. Dist. LEXIS 54882, *4, 2008 WL 1969311 (W.D. Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "requires only

a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Twombly*, 127 S.Ct. at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. *Hellmann*, 2008 WL 1969311 at *3.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "shown"-- "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, *citing* Fed. R. Civ. P. 8(a).    The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id*. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

## B. Allegations in the Complaint

Accepting as true all of the allegations in the complaint as the Court is obliged to do, the facts are as follows. Gregory Hinton (hereinafter "decedent") was arrested and convicted of armed robbery in the United States District Court for the Eastern District of Virginia. ECF No. 18 at 2. Decedent was sentenced to life imprisonment on January 5, 2001. *Id*. Plaintiff alleges that according to prison records, decedent attempted suicide twice on February 20, 2001 and again on March 3, 2001.[1] *Id.* As a result of these suicide attempts, Plaintiff avers that decedent was transferred to a medical center for federal prisoners. *Id*. at 3. In May 2001,[2] the decedent was transferred to Federal Correctional Institution, Allenwood, Pennsylvania ("FCI Allenwood"). *Id*.

Plaintiff avers that the decedent's medical history from 2001 and 2004 shows a persistent depression diagnosis. *Id*. at 4. Plaintiff alleges that decedent received

---

[1] This date appears to be written in error as 2011 in the amended complaint. The attached Exhibit C referencing this incident is dated as March 3, 2001. This exhibit was attached to Plaintiff's brief in opposition to the motion to dismiss and/or in the alternative for summary judgment.

[2] This date appears to be written in error because an attached Exhibit D referencing decedent's transfer is dated as May 11, 2001. This exhibit was attached to Plaintiff's brief in opposition to the motion to dismiss and/or in the alternative for summary judgment.

prescription medication for his depression and, while on this medication, decedent made no attempts at suicide. *Id*. Plaintiff alleges that FCI Allenwood abruptly discontinued decedent's mental health care and did so on the recommendation of a doctor whom, Plaintiff avers on information and belief, is neither a therapist nor a psychologist but an osteopathic physician. *Id*.

Plaintiff alleges that Defendant Holt was made aware of decedent's mental health on at least three different occasions. *Id*. at 2-4. Defendant Holt, who was the associate warden of custody at FCI Allenwood, received two memoranda referencing the decedent's mental health. *Id* at 3. Both memoranda reported on decedent's involvement in assaults with other inmates. *Id*. The memoranda notified Defendant Holt that the decedent had "arrived from a medical center on a psych/psych evaluation transfer." *Id*. Finally, Plaintiff alleges that a signature that appears to be Defendant Holt's is on a central inmate monitoring review. *Id*. at 4. This report included the following notation from the associate warden, custody: "Life sentence, numerous medical trips from ALP, most recent 6-20-07. USE EXTREME CAUTION." The Plaintiff alleges that these documents show that Defendant Holt had actual knowledge of the decedent's mental health history. *Id*. at 3.

Plaintiff further alleges that decedent's work assignment gave him both the opportunity as well as the tools to aid in his suicide. *Id*. Plaintiff was assigned to be

a janitor at FCI Allenwood and this position allowed him to have unrestricted access to the janitorial supply room. ECF No. 18 at 4. On January 12, 2012, Plaintiff alleges that the decedent went into the supply room unsupervised and proceeded to commit suicide with available supplies. *Id*.

### C. Analysis

**1. FTCA Claim**

Count I alleges that the United States was negligent under the FTCA. Specifically, Plaintiff asserts that employees at FCI Allenwood: (1) negligently and recklessly assigned the decedent to a job assignment which gave him access to tools he used to commit suicide; (2) negligently trained its employees to monitor inmates with histories of suicide attempts; (3) negligently discontinued decedent's mental health treatment; and (4) negligently trained Federal Bureau of Prison ("BOP") staff concerning appropriate jobs for inmates with serious mental health issues. Defendants respond to this assertion by alleging that Plaintiff did not fully exhaust her administrative remedies before bringing the FTCA action.

In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. *White-Squire v. U.S. Postal Serv.,* 592 F.3d 453, 456 (3d Cir. 2010). The FTCA constitutes "a limited waiver of the United States'

sovereign immunity." *Id*. The Act provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §2674. As a prerequisite to suit under the FTCA, a claim must first be presented to the appropriate federal agency and be denied, or be deemed to be denied by the agency. 28 U.S.C. § 2675 (a).

Plaintiff does not allege that she exhausted all available remedies before filing this complaint. Instead, for the first time in her memorandum in opposition to the motion to dismiss, Plaintiff introduces a letter addressed to Defendant Holt, a copy of which was sent to the Director of the North East Regional Office for the Federal Bureau of Prisons. ECF. No. 30 Exhibit J. This letter informs the warden that legal action has been taken against him for the death of Gregory Hinton. *Id*. The letter, dated April 2012, reads in its entirety as follows:

> I am writing this note to put you on formal notice of a legal action under 42 USC 1983 or a *Bivens* action in regard to the death of Gregory Hinton on January 12, 2012. In addition, the notice is being served upon you to specifically comply with the requirements of 42 PA. C.S. §5522.
>
> As to the fact specific details of the notice requirement of 42 Pa.C.S. §5522, Mr. Hinton was living at FCC Allenwood at the time of his death and facts circumstances of his death are that he died in your facility.

Plaintiff contends that this letter should be considered analogous to filing an administrative complaint to the BOP because it gave the agency an opportunity to conduct an investigation and make its own findings. ECF No. 30 at 10.

Be that as it may, Plaintiff's letter fails to meet the applicable procedural requirements dictated by law. To satisfy the presentment requirement, the appropriate federal agency must receive an executed Standard Form 95 or other written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). A letter may satisfy the requirement of presenting the claim to the agency if it gives the agency appropriate notice and includes a statement of damages. *Tucker v. U. S. Postal Serv.*, 676 F.2d 954, 959 (3d. Cir. 1982).

The April 2012 letter fails to state a "sum certain amount for injuries or losses alleged to have occurred by reason of the incident," despite arguments to the contrary. *White–Squire v. U.S. Postal Service,* 592 F.3d 453, 456 (3d Cir.2010); *see also Hoffenberg v. United States,* 504 F. App'x 81, 83 (3d Cir. 2012) (claimant failed to demand an amount for damages specific to his medical malpractice injuries); *see also Roma v. United States*, 344 F.3d 352, 362-63 (3d Cir. 2003)(stating that the presentment requirement is satisfied when the plaintiff "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places

a value on his or her claim" (quoting *Tucker v. United States Postal Serv.,* 676 F.2d 954, 958-59 (3d Cir. 1982)); *Bialowas v. United States,* 443 F.2d 1047, 1050 (3d. Cir. 1982)(An administrative claim form that fails to state a sum certain for money damages does not constitute a proper claim.)

Finally, Plaintiff also attaches as an exhibit, a letter addressed to the Assistant United States Attorney for the Eastern District of Pennsylvania which states that $250,000 is demanded in relation to the lawsuit against Defendant Holt. ( ECF No. 30 Exhibit K). Plaintiff has neither alleged nor indicated that a copy of this letter was sent to the BOP. Based upon the discussion above, this cannot serve as the equivalent of notifying the BOP of the damages resulting from the death of the decedent.

This count must therefore be dismissed for non-exhaustion of administrative remedies.

**2. Eighth Amendment Claim**

Count II alleges that decedent was denied proper medical care under the Eighth Amendment and as a result committed suicide. To assert such a claim, a plaintiff in a prisoner suicide case must prove specific facts which show that "(1) the decedent had a particular vulnerability to suicide; (2) the custodial officer or officers knew or

should have known of that vulnerability and (3) those officers acted with reckless indifference to the decedent's vulnerability." *Colburn v. Upper Darby Twp.,* 946 F.2d 1017, 1024 (3rd Cir. 1991).

**a. Vulnerability to Suicide**

To establish a particular vulnerability to suicide, a plaintiff must establish that there is a "strong likelihood, rather than a mere possibility, that self-inflicted harm will occur." *Colburn II,* 946 F.2d, 1024. The facts alleged here are not sufficient to establish decedent's vulnerability to suicide, and do not reach the "strong likelihood" threshold that is generally required. *See, Zheng v. Palakovich*, No. CIV. 4:09-1751, 2010 WL 3718022 ( M.D. Pa. Sept. 20, 2010)( Rambo, J.) (holding that sufficient facts had been pled where the decedent was diagnosed with depression and suicidal tendencies, had requested psychiatric help on multiple occasions, and stated in these requests that he was afraid that he would hurt himself); *Finney v. Palakovich,* No. 4:09-1751, 2010 WL 2902731 (M.D. Pa. July 23, 2010)( Rambo, J.) (holding that sufficient facts had been pled where the decedent was in and out of psychiatric care nearly every month from June 2007 to December 2007 and was put on fifteen minute observation when released for psychiatric care, presumably because he posed a danger to himself); *Kapa v. Palakovich,* No. 1:09-CV-0371, 2011 WL 5520321 (M.D. Pa. Nov. 14, 2011)(Rambo, J.) (finding that a reasonable trier of fact could conclude that

the decedent had a particular vulnerability to suicide because he had been in and out of care at least fifteen times since the beginning of his incarceration, threatened or attempted self harm and told staff while in psychiatric care that he wanted to end his life). *See also, e.g.*, *Vargo ex rel. Vargo v. Plum Borough* 376 F. App'x 212, 216 (3d Cir. 2010)(finding that nothing in the record established that the pretrial detainee had a particular vulnerability to suicide because he did not exhibit any behavior that would lead anyone to believe that he would commit suicide.)

In the matter at hand, Plaintiff alleges that decedent attempted to kill himself three times over the period of his eleven-year incarceration. As noted above, the first two attempts were allegedly made on February 20, 2001 and the third on March 3, 2001, all shortly after decedent was sentenced to life imprisonment. Plaintiff also alleges that decedent was prescribed antidepressant medication and while on this, made no further suicide attempts. Decedent, according to Plaintiff, was abruptly taken off the medication in April 2006, six years before his suicide.

Plaintiff does not allege any facts indicating that during the nearly six- year period following the discontinuation of the antidepressant medication, the decedent demonstrated any suicidal ideation. While this death, like all deaths in prison, was in its own way a tragedy, this Court must conclude that the decedent presented no

vulnerability to suicide after April 2006. Consequently, the first prong of the *Colburn* test has not been met.

**b. Defendant's Knowledge**

To satisfy the second prong of the *Colburn* test articulated by the Third Circuit, the plaintiff must plead facts that show that the strong likelihood of suicide was so obvious that a layperson would easily recognize the necessity for preventative action. 946 F.2d, 1025. "Further the risk of self-inflicted must be sufficiently apparent that a lay custodian's failure to appreciate it evidences the absence of any concern for the welfare of his or her charges." *Id*.

Plaintiff alleges that as associate warden of custody, Defendant Holt, a layperson, knew or should have known of decedent's history of suicide because two memoranda written in 2001 and 2002 were directed to his attention. These memoranda reported on the decedent's involvement in assaults with other inmates. The memoranda also noted that the decedent had transferred to FCI Allenwood on a psych/psych evaluation transfer from a federal medical center.

Plaintiff also relies on an inmate monitoring review, dated October 28, 2007, to show that the Defendant Holt was aware of the decedent's suicidal history. This report states that the decedent had numerous medical trips from ALP and advises that

extreme caution is to be used and is allegedly signed by Defendant Holt. Curiously, none of these documents placed Defendant Holt on notice that the decedent was depressed or a suicide risk. Even assuming for the moment that these documents adequately put Defendant Holt on adequate notice of the decedent's suicide ideations, Plaintiff has failed to plead facts that would make it sufficiently apparent to the Defendant, that the decedent held suicidal thoughts years later. *See Joines v. Twp. of Ridley*, 229 F. App'x 161, 163 (3d Cir. 2007) (concluding that an incident in 1998, almost four years prior to the date at issue, was too remote in time to expect a law enforcement officer to remember one incident that did not lead to an arrest.) Plaintiff has therefore failed to meet this prong of the test.

### c. Deliberate Indifference

The third prong of the *Colburn* test recognizes that there must be a link between the prison official's knowledge and his disregard of the prisoner's particular risk. 946 F.2d, 1025. Here, the plaintiff is required to prove that the prison official "know[s] of and disregard[s] an excessive risk to inmate health and safety." *Woloszynv. Cnty. of Lawrence*, 396 F.3d 314, 321 (3d Cir. 2005) (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120 (3d Cir. 2001)). Deliberate indifference is more than

mere negligence, and a prison official cannot be held liable for failing to recognize the necessity for preventative action. *Colburn,* 946 F.2d, 1025; *Kulp v. Veruete,* 267 Fed. App'x 141, 143 (3d Cir. 2008).

Plaintiff alleges that Defendant Holt disregarded decedent's risk of suicide by assigning him to be a janitor. In this capacity, decedent had unrestricted access to the supply room and ultimately used these supplies to aid in his suicide. Simply assigning decedent to janitorial duties is not deliberate indifference, given that Plaintiff has failed to demonstrate that Defendant Holt understood that decedent might commit suicide using janitorial supplies. In *Brandt v. PrimeCare Med., Inc.,* the court held that Plaintiff provided sufficient evidence via an expert report, to establish that two defendant doctors were deliberately indifferent in their treatment of the inmate by prematurely removing him from a stripped cell into general population even though he had mental problems) No. 1:11-CV-1692, 2013 WL 3863936 (M.D. Pa. July 24, 2013)( Caldwell, J.) Unlike the *Brandt* case, Plaintiff provides no other facts which point to Defendant Holt's deliberate indifference aside from decedent's work assignment. The Plaintiff also fails to meet this final prong of the *Colburn* test.

### 3. Count III

Plaintiff's concluding count sets forth a state law negligence claim against

Defendants Holt and Doe. In the event that the Plaintiff fails to successfully amend her complaint, the Court will decline to exercise its supplemental jurisdiction governing this issue.

### III. CONCLUSION:

In sum, and for the reasons set forth above, the motion to dismiss is granted. The Plaintiff is granted leave to file an amended complaint within twenty-one (21) days of the date of the Order which accompanies this memorandum.

BY THE COURT:

s/ Matthew W. Brann<br>Matthew W. Brann<br>United States District Judge